UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNUM LIFE INSURANCE COMPANY
OF AMERICA,

                              Plaintiff,

              - against -

PATRICIA A. LYNCH,

                              Defendant.
-----------------------------------------------------------

04 Civ. 9007 (CLB)

*Memorandum and Order*

Brieant, J.

      By motion filed on May 11, 2005 (Doc. #17), submitted for decision without oral argument, Plaintiff Unum Life Insurance Company of America ("Unum") moves for reconsideration of this Court's April 25, 2005 Memorandum Endorsement dismissing Plaintiff's ERISA claim against Defendant. (Doc. #15). Opposition papers were filed on May 24, 2005.

      The following facts are assumed to be true for purposes of this motion only. Plaintiff issued a long term disability insurance policy to Paloma Partner's Management Company, Defendant's employer. On or about February 14, 2000, Defendant submitted a claim for disability benefits under the policy. The policy required Defendant to reimburse Plaintiff for an "overpayment" of benefits due to "receipt[s] of deductible sources of income," including "disability payments" under the Social Security Act. On or about July 26, 2002, Defendant was retroactively awarded social security disability benefits for the period during which she had received disability benefits from Plaintiff. Plaintiff requested this overpayment from Defendant, and filed this lawsuit when she failed to pay.

The Court received a letter dated April 21, 2005, in which the Defendant stated that she was submitting her disability claim to Unum's Regulatory Settlement Agreement Claim Reassessment process. This process requires claimants to stay pending litigation. Based upon Defendant's representation, the Court dismissed Plaintiff's claim without prejudice, with leave to reopen if the Reassessment process failed to satisfy Plaintiff's claim. Judgment was entered by the Clerk of Court on April 27, 2005. This motion for reconsideration followed.

Reconsideration here is proper. A motion for reconsideration is appropriate where the Court overlooked facts that might have materially influenced the earlier decision. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir. 1995). *See also Local Rule 6.3*. (Reconsideration requires a showing of factual matters or controlling decisions which counsel believes the court has overlooked.). The Court's earlier decision was based upon the Court's belief that the Plaintiff's claim could also be adjudicated in the Claim Reassessment Process. This process determines only eligibility for claimants whose prior request for disability benefits was denied. Explicit in Plaintiff's claim is that it approved Defendant's request for benefits. While the Defendant claimed in her April 21, 2005 letter that her disability benefits were terminated by Unum, she has not sued to enforce those benefits, and thus no litigation exists to stay under the policy. In any event, Plaintiff's claim for recoupment cannot be satisfied by its reassessment process, which "further review[s]. . .previously denied or terminated individual and group long term disability claims that are resubmitted under this paragraph."

**Conclusion**

Plaintiff's motion for reconsideration is granted, and the Judgment dated April 27, 2005 is vacated. The Plaintiff's Complaint is hereby reinstated.

X

    X

       X

         X

            X

               X

                 X

                   X

SO ORDERED.

Dated: White Plains, New York
       June 21, 2005

                                                                                                   Charles L. Brieant, U.S.D.J.