UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNUM LIFE INSURANCE COMPANY
OF AMERICA,

                        Plaintiff,

          - against -

PATRICIA A. LYNCH

                        Defendant.
--------------------------------------------------------x

04 Cv. 9007 (CLB)

***Memorandum and Order***

Brieant, J.

    Before the Court is Defendant's motion to dismiss (Doc. No. 12), and Plaintiff's cross-motion for summary judgment (Doc. No. 25). The motions were heard and fully submitted to the Court on January 20, 2006.

    The following facts are not in dispute or are assumed to be true for the purposes of this motion only. Plaintiff Unum Life Insurance Company of America ("Unum") sues Ms. Lynch under § 502(a)(3) of ERISA and seeks restitution of long term disability insurance benefit funds that it overpaid Defendant, as a result of her receipt of Social Security Disability Funds.

    Ms. Lynch worked as a Trading Assistant from 1992 through November 24, 1999 at Paloma Partners Management Company. As an employee of Paloma Partners, Ms. Lynch was insured under a group long term disability policy issued by Unum ("policy"). The policy initially provided benefits to a plan participant who established that she is unable to perform the material duties of her own occupation. After the participant has received benefits for twenty-

1

four months, the plan required the participant to prove that she is unable to perform the duties of any occupation for which she is reasonably fit by education, training, or experience in order to continue receiving benefits. The policy provided that Unum may reduce benefits by the estimated amount of social security or other "deductible" income. In the alternative, the Policy provided that Unum will pay the gross monthly benefit, without offset, though the participant will be asked to execute an agreement by which she promises to repay Unum any "overpaid" benefits resulting from the receipt of deductible income. In the event that Unum overpays a claim due to a participant's receipt of deductible income, Unum maintains the right to reimbursement in full of the overpaid benefits. In this case, Ms. Lynch opted to receive the grossly month benefit without offset.

Ms. Lynch claimed to be disabled within the definition set forth in the policy. Ms. Lynch timely filed her claim with Unum, which was received on February 22, 2000. Unum thereafter made monthly, long term disability benefit payments to her.

On August 31, 2001 the Social Security Administration advised Ms. Lynch that her claim for Social Security disability benefits was denied. On or about September 27, 2001, Ms. Lynch's case was referred by Unum to GENEX for assistance in appealing her adverse Social Security determination. GENEX is owned by the same parent company as Unum. GENEX urged Administrative Law Judge Katherine C. Edgell to find that the "[l]imitations imposed by [Ms. Lynch's] impairments prevent her from returning to her past employment or to any work that exists in significant numbers in the national economy." On July 26, 2002, Judge Edgell

determined that Ms. Lynch has had a disability, as defined by the Social Security Act, since November 21, 1999: "[Due to Ms. Lynch's n]on exertional limitations, she cannot make any adjustment to any work that exists in significant numbers in the national economy."

On July 24, 2002, Unum advised Ms. Lunch by correspondence that her benefits were being terminated because an in-house medical review revealed that she was able to perform the material and substantial duties of her occupation.[1] Ms. Lynch timely appealed this initial adverse benefit determination on October 18, 2002. On August 5, 2003 First Unum Life Insurance Company of America denied Ms. Lynch's appeal of its initial adverse benefit determination.[2]

Beginning on or about October 8, 2002, and continuing through August 10, 2004, Plaintiff sent a series of letters to collect the $63,008.00 allegedly due because of the Social Security disability income offset. This action ensued.

Ms. Lynch contends that she is not required to pay Unum the sum that they seek.

---

[1] Ms. Lynch states that this determination surprised her, because Unum had retained GENEX in order to prove she was disabled in order to collect Social Security Benefits. This issue is not before the Court and in only referenced by way of background.

[2] Again, Ms. Lynch states that this surprised her because First Unum Life Insurance Company of America, a company other than Unum, informed her that she was denied further benefits under the Plan. Again, this issue is not before the Court and in only referenced by way of background.

Unum argues that after receiving disability benefits under the policy, Ms. Lynch received a retroactive award of Social Security disability benefits in July, 2002. The policy, as discussed *supra*, provides that if there is no offset for income received by the claimant from other sources, including Social Security, and if benefits are paid in excess of the amount which the claimant is entitled to, it is the obligation of the employee to refund the overpayment. As a result, Unum seeks summary judgment as to this issue. Ms. Lynch contends nonetheless that by law she is not obligated to reimburse Unum.

As pointed out by Judge Platt in *Bressmer v. Federal Express Corp. Long Term Disability*, 1999 U.S. Dist. LEXIS 20708 (E.D.N.Y. Sept. 27, 1999), our Court of Appeals has recognized the validity of offset provisions for disability plans. *See Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1198-99 (2d Cir. 1989). In *Leonelli*, the Court upheld the District Court's denial of Plaintiff's request to amend his complaint to plead a claim for benefits under a long term disability plan: "Claims under the Long Term Disability Plan would be futile because, under the terms of that plan, whatever benefits Leonelli could recover would be completely offset by worker's compensation and social security benefits he presently receives. His entitlement to Long Term Disability Benefits would therefore be zero." *Id.* at 1198; see also *Sarosy v. Metropolitan Life Insurance Co.*, 1996 U.S. Dist. LEXIS 10765, No. 94 Civ. 5431 (S.D.N.Y. July 25, 1996), to the same effect. Unum's policy, like Met Life's policy, provided that the insurer may offset the benefits it provides by the amount of any Social Security benefits awarded to the claimant. *Sarosy* at 26 (*citing Leonelli* at 1198-9).

Ms. Lynch contends that 42 U.S.C. § 407 of the Social Security Act bars recovery in this case. The statute reads in relevant part:

> (a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
>
> (b) No other provision of law, enacted before, on, or before April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section. 42 U.S.C. § 407 (1999).

As pointed out by Judge Platt in *Bressmer*, "[i]n *York v. Continental Casualty Co.*, 205 B.R. 759, 764 (E. D. N.C. 1997), the insurance company argued that it had a property interest in York's Social Security payment. Due to this stance, the Court held that York must have assigned her interest in those funds to Continental, thereby violating § 407. *Id.* Yet in reaching this holding, the Court did not prevent reimbursement of all sorts, but instead stated that there was a right to recover the overpayment in a generic sense." *Bressmer* at 16 (citations ommitted). Here in contrast, and just as in the *Bressmer* case, Unum is "not asserting a property interest in Ms. [Lynch's] Social Security benefits, but merely seeking reimbursement for an overpayment." *Id.* Thus, summary judgment should also be awarded to Unum based on unjust enrichment, and restitution should be granted to Unum.

Relying on the U.S. Supreme Court holding in *Great-West Life & Annuity Insurance Co. v. Knudson,* Defendant contends that reimbursement under an unjust enrichment theory is unavailable to Plaintiff Unum because the specific funds she received from Unum are no longer

5

in her possession (she spent the money). In *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), the Court considered the meaning of restitution in actions brought under ERISA. The Court held that an action for restitution brought under section 1132(a)(3) seeks legal (not equitable) relief if it seeks a personal judgment against the defendant from any funds in the defendant's possession or that the defendant has title. *Id*. at 213-214. The Court stated that an action for restitution is equitable, and therefore permitted under section 1132(a)(3), when it seeks the return of money or property identified as belonging in good conscience to the plaintiff that can clearly be traced to particular funds or property in the defendant's possession. *Id.* Though assuming without deciding that *Great-West* may impose limitations on Plaintiff's ability to recover under the theory of restitution, this Court sees so reason why *Great-West* bars Plaintiff's claim for unjust enrichment in this case. Plaintiff has alleged sufficient facts to state a claim for unjust enrichment. The moneys sought by the Plaintiff were received by Ms. Lynch with the obligation and understanding that she would repay Unum any overpaid benefits resulting from the receipt of deductible funds. Defendant has received income that is totally traceable to the funds belonging to Unum. That she may have commingled
those funds with other money which she spent should not limit a Court of Equity from ordering equitable restitution. Therefore, this Court concludes that she has been "unjustly enriched," and Plaintiff is entitled to judgment. Defendant's motion for summary judgment is denied.

*Attorneys' Fees*

Both Unum and Ms. Lynch petitioned this Court for attorneys' fees. In actions brought

under ERISA, 29 U.S.C. § 1132 (g)(1) "the court, in its discretion may allow a reasonable attorney's fee and costs of action to either party." The Courts are to consider five factors when evaluating an application for fees and costs under § 1132 (g)(1); *see also Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d. Cir. 1995):

>(1) the degree of the offending party's culpability or bad faith;
>(2) the ability of the offending party to satisfy the award of attorney's fees;
>(3) whether an award of fees would deter other persons from acting similarly under like circumstances;
>(4) the relative merits of the parties' positions; and
>(5) whether the action conferred a common benefit on a group of plan participants.

This Court perceives no basis in this case to award fees to either party. Defendant is hardly culpable or in bad faith, since Plaintiff's wholly owned company processed her complete disability claim. Plaintiff is not culpable for insisting on its contract rights. Deterrence is not necessary, and the other listed criteria are neutral. As a matter of discretion, the Court concludes that each side should bear its own legal fees and costs.

Conclusion:

For the foregoing reasons, Plaintiff's motion for summary judgment (Doc. No. 25) is granted, and Defendant's motion to dismiss (Doc. No. 12) is denied. The Clerk shall file a final judgment in favor of Plaintiff and against Defendant for $63,008. No Costs.

X

                         X

                                                 X

SO ORDERED.

Dated: White Plains, New York
January 31, 2006

					_____
					Charles L. Brieant, U.S.D.J.